David S. Wilson, III, Esq. (Bar No. 174185)
FEDERAL EXPRESS CORPORATION
2601 Main Street, Suite 340
Irvine, California 92614
Telephone: (949) 862-4656
Facsimile: (901) 492-5641
Email: dswilson@fedex.com

Attorney for Defendant, FEDERAL EXPRESS CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUGUSTA CARBALLO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION; and Does 1-50, inclusive,<br><br>Defendants. | **Case No.**<br><br>[San Francisco Superior Court Case No.CGC-21-588871]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446**<br><br>**[FEDERAL DIVERSITY JURISDICTION]**<br><br>Complaint Filed: January 12, 2021<br><br>Trial Date: None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT; AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** Defendant Federal Express Corporation ("FedEx") hereby removes the state action, Case No. CGC-21-588871, from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332, based upon diversity of citizenship. Removal is proper because diversity exists between Plaintiff Augusta Carballo ("Plaintiff") and FedEx, and the matter in controversy exceeds the sum specified by 28 U.S.C. §1332. FedEx makes the following allegations in support of its Notice of Removal.

**JURISDICTION [LOCAL RULE 3-5]**

1. This Court has original jurisdiction under 28 U.S.C. §1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. §1441(a), in that it is a civil action wherein the amount in controversy for the named Plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all the requirements of Section 1332 for removal and is timely and properly removed by the filing of this Notice. Furthermore, venue is proper in this Court pursuant to 28 U.S.C. §§84(a), 1391 and 1446.

**PLEADINGS PROCESS AND ORDERS**

2. On or about January 12, 2021, Plaintiff filed an action against Federal Express Corporation entitled AUGUSTA CARBALLO v. FEDERAL EXPRESS CORPORATION, a Corporation; and DOES 1 through 50, inclusive, in San Francisco County Superior Court, Case No. CGC-21-588871 ("Complaint"). The Complaint asserts the following claims for relief: (1) Discrimination on the Basis of Race, Gender, Age, and Physical Disability in Violation of the FEHA; (2) Failure to Prevent Discrimination, Harassment, and Retaliation from Occurring in Violation of the FEHA; and (3) Wrongful Termination in Violation of Public Policy. (Exhibit A, Declaration of

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

David S. Wilson, III ["Wilson Decl."], ¶ 2, Exhibit 1, pp. 1, 4-6).

3. The Complaint (Exhibit 1) was served on FedEx's agent for service of process, CT Corporation, on February 10, 2021, along with copies of the Summons (Exhibit 2) and an notice to Plaintiff of a Case Management Conference (Exhibit 3), which are attached to Exhibit A, the Wilson Decl., ¶¶ 2, 3).

4. As provided in the Complaint, Plaintiff seeks general, special, actual, compensatory, and/or nominal damages from FedEx, plus front and back pay, punitive damages, reasonable attorney's fees and pre and post-judgment interest, as well as declaratory and injunctive relief and costs of suit, including expert fees. (Exhibit A, Wilson Decl., ¶ 2, Exhibit 1, ¶¶ 22, 27, 31, Prayer for Relief, p. 7).

5. On March 11, 2021, FedEx filed a General Denial in San Francisco Superior Court to Plaintiff's Complaint. (Exhibit A, Wilson Decl., ¶4, Exhibit 4).

6. As of the date of this Notice of Removal, no other parties have been named or served with the Complaint in this matter. (Exh. A, Wilson Decl., ¶ 5).

7. Pursuant to 28 U.S.C. Section 1446(a), the exhibits attached to Mr. Wilson's Declaration constitute all process, pleadings and orders served upon FedEx, or filed and received in this action by FedEx.

**TIMELINESS OF REMOVAL**

8. The 30-day removal period is triggered when the party seeking to remove receives a "paper from which it may first be ascertained that the case is . . . removable." Plaintiff served FedEx with the Complaint on February 10, 2021. (Exh. A, Wilson Decl., ¶ 2). Pursuant to 28 U.S.C. §1446(b)(2)(B) and (b)(3), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after FedEx was served with the Complaint and within one year after commencement of this action.

**DIVERSITY JURISDICTION PURSUANT TO SECTION 1332**

9. 28 U.S.C. Section 1332(a) provides, in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

(1) citizens of different States[.]" This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and is one which may be removed to this Court by FedEx pursuant to 28 U.S.C. §1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

10. For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is a California resident and was employed by FedEx in San Francisco County. (Exhibit A, Wilson Decl., ¶ 2, Exhibit 1, ¶¶ 7, 8). Further, FedEx's employment records (i.e., Plaintiff's 2020 W-2) shows he is a San Francisco resident. (Exhibit B, Declaration of Art Mendoza ["Mendoza Decl."], ¶ 3, Exhibit 1). Thus, Plaintiff was a California resident for diversity purposes. *See Lew v. Moss,* 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on party seeking to prove otherwise"); *see also Smith v. Simmons,* 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

11. A corporation is deemed a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. §1332(c)(1). Regarding "principle place of business," the United States Supreme Court has defined the phrase as "where a corporation's officers direct, control and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 89-92, 130 S. Ct. 1182, 1191-1192, 175 L. Ed. 2d 1029, 1041 (2010). This will be "where the corporation maintains its headquarters." *Id*.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

12. FedEx is (and was when the Complaint was filed) a citizen of the States of Delaware and Tennessee. FedEx was incorporated in Delaware and its principal place of business is in Memphis, Tennessee. (Exhibit C, Declaration of Shahram A. Eslami, ¶ 2; Exhibit A, Wilson Decl., ¶ 2, Exhibit 1, ¶ 2).

13. "Doe" Defendants named but not served are not joined in this Notice of Removal. *Savelson v. W. States Bankcard Ass'n,* 731 F.2d 1423, 1429 (9th Cir. 1984); *N. Ill. Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 272 (7th Cir. 1982).

**THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM**

14. U.S. District Courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. §1332(a). A defendant's notice of removal needs only to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. 28 U.S.C. §1446(a). In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Evidence establishing the amount is required only if the plaintiff, or court, challenges the defendant's allegations. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 553 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

15. The Complaint and the Prayer for Relief contained therein reasonably demonstrate that the amount in controversy does, *in fact,* exceed $75,000. Plaintiff is requesting compensatory, general, and special damages. (Exhibit A, Wilson Decl., ¶ 2, Exhibit 1, Prayer for Relief). Plaintiff's employment with FedEx ended on or about May 22, 2020. (Exhibit A, Wilson Decl., ¶ 2, Exhibit 1, ¶ 14). Plaintiff seeks back pay. (Exhibit A, Wilson Decl., ¶ 2, Exhibit 1, Prayer for Relief). A review of

Plaintiff's employment records shows that, at the time of his termination, Plaintiff, a full-time courier, was earning $33.15 an hour, and received $44,710.74 from FedEx in 2020 before being fired on May 22, 2020, $88,598.44 from FedEx in 2019, $81,760.52 from FedEx in 2018, and $69,731.69 from FedEx in 2017. (Exhibit C, Mendoza Decl., ¶¶ 3, 4, Exhibits 1, 2). As such, Plaintiff has met the amount in controversy by virtue of his lost wages claim alone as he made approximately $90,000 per year, and it is inconceivable this case will go to trial by May 22, 2021, the one-year anniversary of his termination.

16. In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount. *Bank of Cal. v. Twin Harbors Lumber Co.,* 465 F.2d 489, 491 (9th Cir. 1972). Counsel's testimony itemizing the bases for a plaintiff's damages claims has been held sufficient to establish the jurisdictional minimum for diversity jurisdiction. *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 160-61 (6th Cir. 1993).

17. The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998).

18. Plaintiff seeks future lost wages of undefined duration. Front pay awards in California frequently spans several years. *See Smith v. Brown-Forman Distillers Corp.,* 196 Cal. App. 3d 503, 518 (1987) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Industries, Inc.,* 55 Cal. App. 3d 91, 97-98 (1976) (four years); *Drzewiecki v. H & R Block, Inc.,* 24 Cal App. 3d 695, 705 (1972) (ten years).

19. Plaintiff also seeks emotional distress damages. (Exhibit A, Wilson Decl., ¶ 2, Exhibit 1, ¶¶ 21, 26, 31). An award of damages for emotional distress alone can reasonably be anticipated to be more than the jurisdictional minimum. *Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1034 (C.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

million and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial"). In *Kroske v. U.S. Bank Corp.,* 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id*. At 980. In *Hagadorn v. County of Sacramento,* Case No. 34-2010-00091514, four plaintiffs alleged age and race discrimination and retaliation. In 2016, a jury awarded one plaintiff $100,000 in emotional distress damages, another $1,000,000 in emotional distress damages, and the other $120,000 in emotional distress damages. In *Simers v. Tribune Company,* Case No. BC524471, the plaintiff alleged age and disability discrimination and constructive discharge. In 2016, a jury awarded the plaintiff $5,000,000 in emotional distress damages. In *Estelle v. Los Angeles County,* Case No. BC526217, the plaintiff alleged disability discrimination, failure to accommodate, wrongful termination and retaliation. In 2015, a jury awarded the plaintiff $625,000 in emotional distress damages. In *Mayo v. The Community Development Commission,* Case No. BC486184, the plaintiff alleged disability and religious discrimination, retaliation, and violation of the CFRA. In 2014, a jury awarded plaintiff $1,095,000 in emotional distress damages. Thus, based on *Kroske* and other cited employment cases, the emotional distress component of Plaintiff's claims could add at bare minimum $25,000 to the amount in controversy and likely much more.

20. Plaintiff seeks an award of reasonable attorney's fees. (Exh. A, Wilson Decl., ¶2, Exhibit 1, Prayer for Relief). Although FedEx denies all allegations and contends Plaintiff is entitled to no fees, Plaintiff would be able to recover attorney's fees on the causes of action under the California Fair Employment and Housing Act, Government Code Section 12940, *et seq*. (the "FEHA"), because the FEHA authorizes

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

an award of reasonable attorney's fees to a prevailing plaintiff. CAL. GOV'T CODE §12965(b). When authorized by statute, attorney's fees are included in the calculation of the value of the plaintiff's claims to determine whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (in calculating the amount in controversy, the court may estimate the amount of reasonable attorney's fees likely to be recovered by the plaintiff if she were to prevail). While Plaintiff's attorney's fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons,* 209 F. Supp. 2d at 1035; *see, e.g., Beaty v. BET Holdings, Inc.,* 222 F.3d 607, 610-613 (9th Cir. 2000) (recognizing that award of attorney's fees of $367,520 may be appropriate in a FEHA case where compensatory damages were only $30,000); *Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470, 1472 (9th Cir 1995) (affirming $724,380 attorney's fees award in a FEHA and ADEA case where the plaintiffs' damages awards were significantly less); *Flannery v. Prentice*, 26 Cal.4th 572, 576, 591 (2001) (affirming award of attorney's fees and costs of $891,042). Plaintiff's demand for attorney's fees further increases the amount in controversy above the $75,000 threshold.

21. Plaintiff seeks recovery of punitive damages. (Exhibit A, Wilson Decl., ¶ 2, Exhibit 1, ¶¶ 22, 27, 31). Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.,* 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("Because the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct, it is apparent plaintiff's claim for punitive damages alone might exceed $50,000."). Although FedEx vigorously denies Plaintiff's allegations, if he prevails and establishes the requirements of California

Civil Code Section 3294, the punitive damages along could exceed the jurisdictional minimum. "To assess the amount of punitive damages that is appropriate in a given case, the court considers the nature of the defendant's wrongdoing, the amount of compensatory damages, and the wealth of the particular defendant." *Am. Gen. Life & Accident Ins. Co. v. Findley,* 2013 U.S. Dist. LEXIS 41644, 48-49 (C.D. Cal. Mar. 15, 2013). Thus, there can be no question the potential punitive damages award alone against a defendant such as FedEx likely satisfies the amount in controversy requirement. In *Aucina v. Amoco Oil Co., supra,* the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct 'the plaintiff's claim for punitive damages' might alone exceed the jurisdictional minimum." *Aucina,* 871 F. Supp. at 334.

22. Plaintiff also seeks open-ended relief, to wit: "all such other and further relief as [the] Court deems just and appropriate." (Exhibit A, Wilson Decl., ¶ 2, Exhibit 1, Prayer for Relief). Although uncertain in amount, this additional damages claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.,* 348 F. Supp. 2d 932, 932-34 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though she plead in the complaint that she did not assert a claim of $75,000).

23. Based on the pleadings, it does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.,* 251 F.3d 1, 5 (1st Cir. 2001) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). Thus, FedEx has clearly carried its burden of demonstrating by a preponderance of the

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.

**NOTICE TO STATE COURT AND PLAINTIFF**

24. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiff. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of San Francisco.

**CONCLUSION**

32. For these reasons, this is a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed by FedEx to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity jurisdiction.

DATED: March 12, 2021

Respectfully submitted,

By: *__/s/ David S. Wilson, III____*

DAVID S. WILSON, III
Federal Express Corporation

Attorneys for FEDERAL EXPRESS CORPORATION

# CERTIFICATE OF SERVICE

**Augusta Carballo v. Federal Express Corporation, et al.**
**USDC Case No.**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On March 12, 2021, I served the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446**

[ ] With the Clerk of the Court for the United States District Court-Northern District of California by using the Court's CM/ECF system and that service will be accomplished by the Court's CM/ECF system to the person(s) as set forth below.

[ ] By transmitting via facsimile, the document(s) listed above to the fax number(s) set forth below.

[X] By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.

[ ] By arranging with First Legal Services to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] By placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary Business practices.

Taghi Astanehe (State Bar No.236334)
Law Offices of Taghe Astanehe
819 Eddy Street
San Francisco, California 94109
(650)281-6342; Fax: (415)354-3415

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 12, 2021, at Irvine, California.

*/s/ Michele Wilson*

Michele Wilson