# EXHIBIT A

David S. Wilson, III, Esq. (Bar No. 174185)
FEDERAL EXPRESS CORPORATION
2601 Main Street, Suite 340
Irvine, California 92614
Telephone: (949) 862-4656
Facsimile: (901) 492-5641
Email: dswilson@fedex.com

Attorney for Defendant, FEDERAL
EXPRESS CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTA CARBALLO, an individual,<br><br>                    Plaintiff,<br><br>      v.<br><br>FEDERAL EXPRESS CORPORATION; and Does 1-50, inclusive,<br><br>                    Defendants. | Case No.<br><br>[San Francisco Superior Court Case No.CGC-21-588871]<br><br>**DECLARATION OF DAVID S. WILSON, III IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>**[FEDERAL DIVERSITY JURISDICTION]**<br><br>Complaint Filed: January 12, 2021<br><br>Trial Date:      None Set |

I, DAVID S. WILSON, III, hereby declare and state as follows:

1.     I am one of the attorneys of record for Defendant Federal Express Corporation (hereafter referred to as "FedEx"), and am admitted to practice law in the State of California. I was hired by FedEx as a Senior Attorney on May 27, 2003, and am currently a Lead Counsel for the company. I am over the age of 21 and am qualified to make this Declaration. I have never been convicted of a felony or subjected to disciplinary action before any state bar. I have personal knowledge of the facts contained herein. I make this Declaration in support of Defendant Federal Express

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1458728 (236293)                                        1
DECLARATION OF DAVID S. WILSON, III IN SUPPORT OF NOTICE OF REMOVAL

Corporation's Notice of Removal of Civil Action ("Notice of Removal").

2.      Attached hereto as **Exhibit 1** is a true and correct copy of the Complaint in this matter ("Complaint"), which FedEx was served with through its agent for service of process, CT Corporation, on February 10, 2021.

3.      Besides the Complaint, on February 10, 2021, FedEx was served, through CT Corporation, with the associated Summons and a notice to Plaintiff of a Case Management Conference "notice".  A true and correct copy of the Summons is attached hereto as **Exhibit 2**, and a true and correct copy of the notice is attached hereto as **Exhibit 3**.

4.      Attached hereto as **Exhibit 4** is the General Denial FedEx filed in this matter on March 11, 2021.

5.      As of the date of Removal, no other parties have been named or served with the Complaint in this matter.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the foregoing is true and correct and that this declaration was executed by me this 12th day of March, 2021, at Irvine, California.

*/s/ David S. Wilson, III*
DAVID S. WILSON, III

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1458728 (236293)                                2
DECLARATION OF DAVID S. WILSON, III IN SUPPORT OF NOTICE OF REMOVAL

# EXHIBIT 1

1 | Taghi Astanehe (State Bar No.: 236334)
Law Offices of TAGHE ASTANEHE .
2 | 819 Eddy Street
San Francisco, California 94109
3 | Telephone: (650) 281-6342
Facsimile: (415) 354-3415
4 |

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**01/12/2021**
**Clerk of the Court**
BY: KALENE APOLONIO
Deputy Clerk

5 | Attorney for Plaintiff
Augusta Carballo
6 |

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SAN FRANCISCO
### UNLIMITED JURISDICTION

AUGUSTA CARBALLO, AN INDIVIDUAL,,,

        Plaintiff,

        vs.

FEDERAL EXPRESS CORPORATION; AND
DOES 1-50, INCLUSIVE,

        Defendant

Case No.: Number:
COMPLAINT (JURY TRIAL DEMANDED)

PLAINTIFF'S COMPLAINT FOR
DAMAGES, DECLARATORY AND
INJUNCTIVE RELIEF FOR:
**CGC-21-588871**

1. Discrimination on the Basis of
Race, Gender, Age, and Physical
Disability in Violation of the
FEHA;
2. Failure to Prevent Discrimination,
Harassment, and Retaliation from Occurring in
Violation of the FEHA;
3. Wrongful Termination in
Violation of Public Policy;

Plaintiff alleges:

### *PARTIES*

### *PLAINTIFF*

1.    Plaintiff Augusta Carballo is an adult African American male over the the age of 60.

Until her unlawful termination described infra, Plaintiff was an  employee of Defendant

FEDERAL EXPRESS CORPORATION. within the meaning of the Fair Employment &

COMPLAINT
Carballo v. FEDERAL EXPRESS, INC., et al. (San Francisco Co. Sup. Crt., Case No._____)

PAGE 1

*Taghi Astanehe Esq.819 Eddy St. SF, CA 94109*
*650-281-6342*
*taghi4195@yahoo.com*

Housing Act (the "FEHA"), Govt. Code section 12900, et seq. At all times herein, Plaintiff adequately discharged her job duties and responsibilities and was, at a minimum, a satisfactory employee.

### *DEFENDANTS*

2.     Defendant FEDERAL EXPRESS CORPORATION from now on ( Fed-Ex) is a Delaware corporation headquartered Memphis  Tennessee. At all times herein, Fed-Ex is an employer within the meaning of the FEHA. Fed-Ex employed Plaintiff until it unlawfully terminated his employment.

3.     The true names and capacities of defendants sued in the Complaint under the fictitious name of DOES 1 through 50, inclusive, are unknown to plaintiff who therefore sues defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by such unlawful conduct.

4.     Whenever reference is made in this complaint to any act of any corporate or other business defendant, such allegations shall mean that such defendant did the acts alleged in the complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority. Additionally, whenever reference is made to any act of any natural person employed by any corporate or other business entity Defendant, such allegations shall mean that such person did the acts alleged in the complaint while acting within the scope of their actual or ostensible authority.

5.     Plaintiff is informed and believes and thereon alleges that at all relevant times, each

Taghi Astanehe Esq.819 Eddy St. SF, CA 94109
650-281-6342
taghi4193@yahoo.com

COMPLAINT

Carballo v. FEDERAL EXPRESS,INC., et al. (San Francisco Co. Sup. Crt., Case No._____)

Taghi Astanehe Esq.819 Eddy St. SF, CA 94109
taghi4193@yahoo.com   650-281-6342

1  defendant acted as an agent, representative, employer and/or employee of each of the

2  other defendants and acted within the course and scope of said agency or representation

3  or employment with respect to the causes of action in this complaint.

### *JURISDICTION & VENUE*

6.      Plaintiff brings this action pursuant to and under the California Fair Employment &
Housing Act (the "FEHA") and other common and statutory laws.

7.      Venue is proper in this Court because the acts and/or omissions and events set forth in
this Complaint occurred in whole or in part in the County of San Francisco, located in
California. The Defendants principle place of business is in the County of San Francisco,
and Plaintiff was employed by Defendants in the County of San Francisco. Plaintiff is
informed and believes and thereon alleges that employment records are maintained in San
Francisco County.

8.      State policy favors jurisdiction and venue in San Francisco County, California because
the State of California has a policy of protecting California residents and ensuring the
applicability of California labor laws.

9.      Plaintiff is informed and believes, and thereon alleges, that most of the witnesses and
evidence relevant to this case are located in San Francisco County in California.

10.     Plaintiff is informed and believes, and thereon alleges, that the relative costs and burdens
to the parties herein favor the filing of this lawsuit in this Court. Defendant suffers no
burden or hardship by having to defend this case in this Court. However, Plaintiff would
suffer severe and undue burden and hardship  if he was required to file in an alternative
forum, if any such forum exists. Such burden and hardship on Plaintiff includes, but is
not limited to prohibitive monetary expenses for travel, obtaining counsel in a different
venue and/or jurisdiction, increased expenses to investigate and obtain evidence and
depose and interview witnesses.

11.     The amount in controversy exceeds the minimum jurisdictional threshold of this Court.

### *EXHAUSTION OF ADMINISTRATIVE REMEDIES*

COMPLAINT

Carballo v. FEDERAL EXPRESS, INC., et al. (San Francisco Co. Sup. Crt., Case No._____)

12.     Plaintiff has discharged all necessary administrative remedies and this matter is ripe for adjudication before this Court. On January 7,2020, Plaintiff filed a charge of discrimination with the Department of Fair Employment & Housing ("DFEH") against Defendants. On October 6, 2020, Plaintiff received a notice of case closure and received a DFEH right-to-sue notification. A true and correct copy of the charge and right-to-sue notification is attached to this Complaint as *Exhibit A.*

### *GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION*

13.     Augusta Carballo is an African American male over sixty years of age . Defendants hire him on or about May 17, 2000 as a driver/carrier. De

14.     Defendant fired plaintiff on May 22,2020 for a false accusation of failing to report an accident·

15.     Augusta Carballo participated in all the internal investigation. Augusta Carballo Flatley denied the accusation. His supervisor told him there is a videotape indicating the occurrence of an accident. Augusta Carballo directly and through his attorney asked the defendant to produce the videotapes. As of now, the defendant failed to produce the videotape of the alleged accident.

16.     Defendant accused Carballo that he hit a parked vehicle and failed to report the accident to his supervisor. Simultaneously, the defendant failed to show any damages to Augusta Carballo's truck, corroborating evidence that Augusta Carballo was involved in the said accident. But, the GPS indicates that on that date, Augusta Carballo has driven in the same neighborhood.

17.     An accident occurred, and most likely, a Fed-Ex employee was involved, but the defendant chose to blame Augusta Carballo because he is over sixty years old, and then he is guilty of being black.

### *FIRST CAUSE OF ACTION*

*Discrimination on the Basis of Race, Gender, Age, and Physical Disability in Violation of the FEHA;*

18.     Plaintiff re-alleges and incorporates herein by reference each and every allegation

COMPLAINT
Carballo v. FEDERAL EXPRESS,INC., et al. (San Francisco Co. Sup. Crt., Case No._____)

Taghi Astaneh Esq.819 Eddy St. SF, CA 94109
650-281-6342
taghi4195@yahoo.com

1  contained in this Complaint as though fully set forth herein.

2  19.    The FEHA makes it unlawful for an employer to discriminate against an employee on the

3  basis of sex, gender, age or physical disability.

4  20.    Defendants discriminated against Plaintiff on the basis of sex, gender, age and physical

5  disability as alleged herein, including without limitation, by materially altering the terms
and conditions of her employment and by constructively terminating her employment.

6  21.    Defendants' discrimination caused Plaintiff economic and noneconomic harm in an

7  amount to be proven at the trial. Plaintiffs damages include, but are not limited to, loss

8  of earnings and benefits, humiliation, embarrassment, mental and emotional distress and

9  discomfort.

10  22.    Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively

11  with the wrongful intention of injuring Plaintiff, and acted with an improper and evil

12  motive amounting to malice, in conscious disregard for Plaintiffs rights and thus an

13  award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover
and herein prays for punitive damages.

14  WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

15  below.

### SECOND CAUSE OF ACTION

*Failure to Prevent Discrimination, Harassment and Retaliation from*
*Occurring in Violation of FEHA*

19  23.    Plaintiff re-alleges and incorporates herein by reference each and every allegation

20  contained in this complaint as though fully set forth herein.

21  24.    Plaintiff was subjected to discrimination, harassment and retaliation on the basis of her

22  sex, gender, age, and physical disability as well as her taking time off work for her own
serious health condition.

23  25.    Defendant Fed-Ex failed to take reasonable steps to prevent the discrimination and

24  retaliation from occurring.

25  26.    Defendant Fed-Ex's failure to prevent discrimination, harassment and retaliation

26  from occurring caused Plaintiff economic and noneconomic harm in an amount to be

27  proven at trial, but which are in excess of the minimum jurisdiction of this court.

28  Plaintiffs damages include, but are, not limited to, loss of earnings and benefits,

COMPLAINT
Carballo v. FEDERAL EXPRESS,INC., et al. (San Francisco Co. Sup. Crt., Case No._____)

PAGE 5

Taghi Astanehe Esq,819 Eddy St. SF, CA 94109
taghi4193@yahoo.com   650-281-6342

1  humiliation, embarrassment, mental and emotional distress and discomfort.

2  27.    Defendant Fed-Ex committed the acts herein alleged maliciously, fraudulently, and

3  oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper

4  and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus

5  an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to

   recover and herein prays for punitive damages.

6  WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

7  below.

8                          **THIRD CAUSE OF ACTION**

9              *Wrongful Termination in Violation of Public Policy*

10  28.    Plaintiff re-alleges and incorporates herein by reference each and every allegation

11  contained in this complaint as though fully set forth herein.

12  29.    California has a fundamental, substantial, and well-established public policies against

13  unlawful discrimination and retaliation in the workplace. California also has a

14  fundamental, substantial, and well-established public policies against discrimination

    against and retaliation against persons that need to take leaves for their own serious

15  health conditions and/or the serious health conditions of their immediate family members.

16  These policies are embodied in, *inter alia,* the California constitution, the FEHA, and the

17  CFRA.

18  30.    Plaintiff is informed and believes and thereon alleges that Defendant Fed-Ex was

19  substantially motivated to terminate Plaintiff's employment on the basis of his sex,

20  gender, age, physical disability, complaints and opposition to discrimination and

21  harassment, and her taking time off work for her own serious health condition and/or the

22  serious health condition of her immediate family member.

23  31.    Defendant Fed-Ex's unlawful discharge of Plaintiff has caused her economic and

24  noneconomic harm in an amount to be proven at trial, but which are in excess of the

    minimum jurisdiction of this court. Plaintiffs damages include, but are not limited to,loss of

25  earnings and benefits, humiliation, embarrassment, mental and emotional distress

26  and discomfort.

27  31.    Defendant Fed-Ex committed the acts herein alleged maliciously, fraudulently, and

28  oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper

Taghi Astanehe Esq.819 Eddy St. SF, CA 94109   650-281-6342   taghi495@yahoo.com

---

COMPLAINT

Carballo v. FEDERAL EXPRESS,INC., et al. (San Francisco Co. Sup. Crt., Case No._____)

1    and evil motive amounting to malice, in conscious disregard for Plaintiff s rights and thus

2    an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to

3    recover and herein prays for punitive damages.

4    WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

5    below.

6

7

8                                    *PRAYER FOR RELIEF*

9        WHEREFORE, Plaintiff makes the following demand:

10   •   That process be issued and served as provided by law, requiring Defendants, and each of

11       them, to appear and answer or face judgment;

12   •   For general, special, actual, compensatory and/or nominal damages, as against

13       Defendants, and each of them, in an amount to be determined at trial;

14   •   For front and back pay and other benefits Plaintiff would have been afforded but-for

15       Defendants', and each of their, unlawful conduct;

16   •   For a Declaration that Defendants, and each of them, : (1) discriminated against Plaintiff

17       in violation of the FEHA as alleged herein; (2) *Failure to Prevent Discrimination,*

18       *Harassment and Retaliation from Occurring in Violation of FEHA and (3) Wrongful*

19       *Termination in Violation of Public Policy.*

         For an injunction requiring each Defendant to develop and implement policies related to

20       discrimination, harassment, retaliation, and leave policies that comply with the FEHA

21       and CFRA, and appointing Plaintiff and her Counsel to oversee the proper

22       implementation of said policies for a period of not less than five years;

23   •   For costs and expenses of this litigation, including expert fees and costs;

24   •   For reasonable attorneys' fees pursuant to *Govt. Code section* 12965, or as otherwise may

25       be provided for and appropriate;

26   •   For pre- and post-judgment interest on all damages and other relief awarded herein from

27       all entities against whom such relief may be properly awarded; and,

28   •   For all such other relief as this Court deems just and appropriate.

Taghi Astanehe Esq 819 Eddy St. SF, CA 94109   650-281-6342   taghi4193@yahoo.com

---

COMPLAINT
Carballo v. FEDERAL EXPRESS,INC., et al. (San Francisco Co. Sup. Crt., Case No._____)

December 28, 2020

*Taghi Ost*

Taghi Astanehe
Attorney for plaintiff
Augusta Carballo

Taghi Astanehe Esq.819 Eddy St. SF, CA 94109 650-281-6342
taghi419@yahoo.com

COMPLAINT
Carballo v. FEDERAL EXPRESS, INC., et al. (San Francisco Co. Sup. Crt., Case No._____)

PAGE 8

ATTACHMENT TO COMPLAINT

EXHIBIT A

RIGHT TO SUE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Augusta Carballo

DFEH No. 202010-11440305

Complainant,

vs.

FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road, Building B  3rd Floor
Memphis, Tennessee 38125

Respondents

_____

1. Respondent **FEDERAL EXPRESS CORPORATION** is an **employer FEDERAL EXPRESS CORPORATION** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.
3. Complainant **Augusta Carballo**, resides in the City of **San Francisco,** State of **California.**

4. Complainant alleges that on or about **August 12, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's color, age (40 and over) and as a result of the discrimination was terminated.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated.

**Additional Complaint Details:** Augusta Carballo termination is without any creditable evidence or highly questionable evidence; therefore, the reasonable conclusion is that Mr. Augusta Carballo was fired because he is a man of over sixty years of age and an African American. FedEx never fired any young white employee with highly questionable hearsay. As of now, Fed-Ex failed even to show a picture of Mr. Augusta Carballo's wan with any damages on it.
The jest of his firing is that someone reported that his car or wan was hit by a Fed Ex truck. And, Mr. Augusta Carballo was in the vicinity of the neighborhood at an approximate time. Except there is no physical evidence on his truck. Furthermore, Mr. Augusta Carballo is an

-1-
Complaint – DFEH No. 202010-11440305

Date Filed: October 6, 2020

1   over twenty-year employee of Fed Ex with an above-average employment record. In the
past, he was involved in a few minor accidents that he reported to his supervisor according
2   to the Fed-Ex requirement. There is no scintilla evidence that Mr. Augusta Carballo ever
knowingly failed to report any incident or accident to his supervisor. But, there is ample
3   evidence that Fed Ex systematically discriminates against older African American
employees.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
-2-
*Complaint – DFEH No. 202010-11440305*

28   Date Filed: October 6, 2020

1 | VERIFICATION

2 | I, **Taghi Astanehe**, am the **Attorney** in the above-entitled complaint.  I have read the
3 | foregoing complaint and know the contents thereof.  The matters alleged are based
on information and belief, which I believe to be true.

4 |
On October 6, 2020, I declare under penalty of perjury under the laws of the State of
5 | California that the foregoing is true and correct.

6 | **San Francisco, CA**

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |
-3-
27 | *Complaint – DFEH No. 202010-11440305*

28 | Date Filed: October 6, 2020

# EXHIBIT 2

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FEDERAL EXPRESS CORPORATION; AND DOES 1-50, INCLUSIVE,


**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AUGUSTA CARBALLO, AN INDIVIDUAL,,

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*   Superior court of California, county of SF
400 McAllister street, SF,CA 94102

</td><td>

CASE NUMBER: *(Número del Caso):*

**CGC-21-588871**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Taghi Astanehe (SBN #236334) 819 Eddy Street, San Francisco, CA 94109 650-281-6342 taghi4193@yahoo.com

<table>
<tr><td>

DATE:
*(Fecha)*   **01/15/2021**

</td><td>

Clerk, by
*(Secretario)*   **KALENE APOLONIO**

</td><td>

, Deputy
*(Adjunto)*

</td></tr>
</table>

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

<table>
<tr><td>

[SEAL]


</td><td>

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* FEDERAL EXPRESS CORPORATION

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

</td></tr>
</table>

Page 1 of 1

<table>
<tr><td>

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

</td><td>

**SUMMONS**

</td><td>

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

</td></tr>
</table>

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |


# EXHIBIT 3

CASE NUMBER: CGC-21-588871 AUGUSTA CARBALLO VS. FEDERAL EXPRESS CORPORA

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **JUN-16-2021** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# EXHIBIT 4

**COPY OF THE UNENDORSED VERSION OF THE GENERAL DENIAL IS ATTACHED;
FILED ENDORDSED COPY OF THE GENERAL DENIAL WILL FOLLOW UPON RECEIPT
FROM THE COURT**

David S. Wilson, III, Esq. (Bar No. 174185)
FEDERAL EXPRESS CORPORATION
2601 Main Street, Suite 340
Irvine, California 92614
Telephone:  (949) 862-4656
Facsimile:  (901) 492-5641
Email:  dswilson@fedex.com

Attorney for Defendant
FEDERAL EXPRESS CORPORATION

**SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO**
**UNLIMITED JURISDICTION**

| | |
|---|---|
| AUGUSTA CARBALLO, AN INDIVIDUAL,<br><br>                    Plaintiff,<br><br>          v.<br><br>FEDERAL EXPRESS CORPORATION; AND DOES 1 to 50, inclusive,<br><br>                    Defendant | Case No.  CGC-21-588871<br><br>GENERAL DENIAL AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDERAL EXPRESS CORPORATION TO PLAINTIFF'S UNVERIFIED COMPLAINT<br><br>Complaint Filed:     January 12, 2021<br><br>Trial Date:             None Set |

**TO PLAINTIFF AUGUSTA CARBALLO AND HIS ATTORNEYS OF RECORD:**

Defendant Federal Express Corporation ("FedEx," "Federal Express" or "Defendant"), hereby answers the unverified Complaint ("Complaint") of Plaintiff AUGUSTA CARBALLO ("Plaintiff") by admitting, denying and averring as follows:

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1458889 (236293)                                          1
DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

## GENERAL DENIAL

Pursuant to <u>California Code of Civil Procedure</u> § 431.30(d), Defendant denies, generally and specifically, each and every allegation set forth in Plaintiff's Complaint and each purported cause of action contained therein.  Defendant further denies, generally and specifically, that Plaintiff has been damaged in the sums alleged or in any sum at all as a result of the acts, omissions or other conduct of Defendant alleged in the Complaint and denies that Plaintiff is entitled to any of the relief sought against Defendant in the Complaint.  Defendant further denies that it is in any way liable to Plaintiff or that it has acted or failed to act so as to be the legal cause of any damage to Plaintiff.

## AFFIRMATIVE DEFENSES

As separate, distinct, and affirmative defenses to Plaintiff's Complaint, and to the purported causes of action therein, Defendant alleges and avers the following:

## FIRST AFFIRMATIVE DEFENSE

1.      The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff has failed to mitigate or reasonably attempt to mitigate his damages, if any, as required by law.

## THIRD AFFIRMATIVE DEFENSE

3.      The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits he receives, including any benefits he receives or received under the California Workers' Compensation Act and/or California's State Disability Insurance Act, and by any damages caused by Plaintiff to Defendant.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1458889 (236293)                                          2
DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

**FIFTH AFFIRMATIVE DEFENSE**

5.     Plaintiff is estopped from recovering damages pursuant to the Complaint, and each purported cause of action contained therein, by his acts, omissions or other conduct, including, but not limited to, his failure to utilize and otherwise exhaust his remedies under Defendant FedEx's internal complaint procedure by complaining of the acts, omissions and conduct alleged in a timely fashion.

**SIXTH AFFIRMATIVE DEFENSE**

6.     Plaintiff unreasonably delayed filing this action, thereby prejudicing this answering Defendant, and barring Plaintiff's claims under the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Defendant had an honest, reasonable, good faith belief in the facts on which it based its acts, omissions and conduct taken with respect to Plaintiff and said acts, omissions and/or conduct occurred for legitimate, non-discriminatory and non-retaliatory business reasons and were not in violation of any law or FedEx policy.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     Plaintiff has waived his right to recover damages, or any other relief against Defendant, by virtue of Plaintiff's consent to or his own initiation of the acts, omissions or conduct complained of in this action, to the extent that such acts, omissions or conduct actually occurred.

**NINTH AFFIRMATIVE DEFENSE**

9.     Any and all claims asserted by Plaintiff based in whole or in part upon alleged physical, emotional, economic or other injury or distress are barred because Plaintiff's sole and exclusive remedy for such injuries, if any, is governed by the California Workers' Compensation laws ("Act"), because Plaintiff's claims occurred at a time when (a) Defendant and Plaintiff were subject to the compensation provisions of the Act, (b) Plaintiff was performing services growing out

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1458889 (236293)                                          3
DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

of and incidental to his employment, and (c) the injuries complained of by Plaintiff in this action allegedly were caused by his employment.  California Labor Code, §§ 3600, *et seq.*

### TENTH AFFIRMATIVE DEFENSE

10.     To the extent that Plaintiff has suffered physical injuries and/or emotional distress, Plaintiff's injuries or damages, if any, were caused by factors unrelated to the conditions of his work environment and/or resulted from a preexisting physical or mental condition.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     Defendant expressly denies that it engaged in any unlawful conduct towards Plaintiff. However, if the Court or trier of fact determines that unlawful conduct by any agent or employee of FedEx occurred, such conduct was neither authorized nor ratified by FedEx.

### TWELFTH AFFIRMATIVE DEFENSE

12.     The Complaint, and each purported cause of action contained therein, is barred because the injuries and damages allegedly incurred by Plaintiff were not the result of any acts, omissions or other conduct of Defendant.  If and to the extent that Plaintiff has suffered the injuries and damages alleged in any of the causes of action asserted in his Complaint, Plaintiff's own negligence and/or willful misconduct directly and proximately caused or contributed to some or all of his claimed injuries and damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Plaintiff breached his duty of reasonable care, good faith and loyalty to FedEx.  California Labor Code, §§ 2854, 2856 and 2859.

//

//

//

//

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1458889 (236293)                                    4
DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

1

### FOURTEENTH AFFIRMATIVE DEFENSE

2      14.    Plaintiff's claims are barred by the doctrine of after acquired evidence because

3   of misrepresentations contained in his employment application(s) and/or supporting documents

4   and/or his conduct during the course of his employment with FedEx.

5

### FIFTEENTH AFFIRMATIVE DEFENSE

6      15.    Defendant's actions with respect to Plaintiff were based upon valid business reasons

7

8   not related to Plaintiff's age, race, sex, disability, or any other improper or unlawful basis.

9

### SIXTEENTH AFFIRMATIVE DEFENSE

10     16.    Plaintiff is not entitled to pre-judgment interest in this matter because his claims

11  do not qualify for such interest.  California Civil Code, §§ 3287 and 3288 and California Labor

12  Code § 218.6.

13

### SEVENTEENTH AFFIRMATIVE DEFENSE

14

15     17.    Plaintiff is not entitled to penalties because his claims do not qualify for penalties.

16

### EIGHTEENTH AFFIRMATIVE DEFENSE

17     18.    Plaintiff is not entitled to recover any punitive or exemplary damages and any

18  allegations with respect thereto should be stricken because Plaintiff has failed to plead and

19  cannot prove facts sufficient to support allegations of oppression, fraud and/or malice, nor can

20  he show advance knowledge, conscious disregard, authorization, ratification and/or an act of

21  oppression, fraud or malice on the part of an officer, director or managing agent of FedEx.

22  California Civil Code, § 3294.

23

### NINETEENTH AFFIRMATIVE DEFENSE

24

25     19.    Plaintiff's claims for punitive damages against Defendant cannot be sustained

26  because any award of exemplary or punitive damages under California law without proof of

27  every element beyond a reasonable doubt or by clear and convincing evidence, and any award

28  of exemplary or punitive damages not subject to a predetermined limit, would violate

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1458889 (236293)                              5
DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

Defendant's rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and Article I, § 7 of the California Constitution, and would be improper under the common law and public policies of the State of California, including California Civil Code § 3294 and the California Supreme Court's decision in *Foley v. Interactive Data Corp.,* 47 Cal.3d 654 (1988).

### TWENTIETH AFFIRMATIVE DEFENSE

20.     The Complaint and each purported cause of action contained therein fails to state a cause of action for attorney's fees against Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff's claims are barred in that Defendant's actions were a just and proper exercise of management discretion, which were undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff unreasonably failed to utilize FedEx's widely publicized and effective complaint process to address the alleged harassment and as such, Defendant is not liable for the alleged harassment and Plaintiff is barred from any recovery therefor.   Alternatively, once Defendant learned of Plaintiff's complaints, it took immediate and appropriate remedial action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Defendant avers that all of Plaintiff's reported allegations were investigated in a timely manner and prompt action taken as needed.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     The Complaint, and each purported cause of action contained therein, is barred in whole or in part by Plaintiff's status as an "at-will" employee, said status being established by California law, numerous statements of said status in Defendant's employee handbook and policy manual and acknowledgements signed by Plaintiff.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1458889 (236293)                               6
DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     The Complaint and each cause of action set forth therein is barred against Defendant because any unlawful or other wrongful acts of any person(s) employed by Defendant, if any, were outside the scope of his/her authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know or have reason to be aware of such conduct.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiff's alleged injuries were not proximately caused by any unlawful action, policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant and any injury to Plaintiff was caused by the practices or instrumentalities of parties and/or unauthorized individuals other than Defendant and who were not within the exclusive control of Defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrines of waiver, unclean hands, estoppel, laches and/or avoidable consequences.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Plaintiff failed to fully and timely exhaust his required statutory administrative remedies prior to commencing suit.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Plaintiff's claims for punitive damages are barred as a result of Defendant's good faith efforts to comply with applicable anti-harassment and discrimination laws.

//

//

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1458889 (236293)                                7
DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

### THIRTIETH AFFIRMATIVE DEFENSE

30.    Plaintiff's claims for special damages are barred because Plaintiff has failed to allege such damages with the requisite specificity.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    Plaintiff is barred from recovering any damages under the avoidable consequences doctrine, because (1) Defendant exercised reasonable care to prevent and correct promptly any discriminatory or harassing or otherwise unlawful behavior, including having in place an anti-discrimination and anti-harassment policy and complaint procedure; (2) Plaintiff unreasonably failed to take advantage of and/or exhaust the preventive and/or corrective measures that Defendant provided, or otherwise avoid harm; and (3) reasonable use of FEDEX's procedures would have prevented the harm Plaintiff allegedly suffered. *State Department of Health Services v. the Superior Court of Sacramento County*, 31 Cal.4th 1026 (2003).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    If Plaintiff suffered any damages, any award of damages must be reduced, in whole or in part, or apportioned pursuant to California Civil Code § 1431.2.

### THRITY-THIRD AFFIRMATIVE DEFENSE

33.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform his job responsibilities and otherwise conduct himself in accordance with the standards and policies of FEDEX.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action therein are barred by the equitable doctrine of consent.

//

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1458889 (236293)

8

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     Plaintiff has not suffered an adverse tangible employment action.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     Plaintiff could not perform the essential functions of his job with or without reasonable accommodations and/or without imposing a direct and imminent threat to his safety and/or the safety of others.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     Plaintiff is not disabled and/or is not a qualified individual as defined by California Government Code § 12926.

### THIRTY-EIGHTH DEFENSE

38.     Plaintiff did not request reasonable accommodations and failed to engage in the interactive process.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39.     Plaintiff could not perform the essential functions of his position and could not be reasonably accommodated.

### FORTIETH AFFIRMATIVE DEFENSE

40.     In the alternative, any needed accommodation would have created an undue hardship to Defendant.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41.     The Complaint, and each purported cause of action contained therein, is barred because the injuries and damages allegedly incurred by Plaintiff were not the result of any acts, omissions or other conduct of Defendant, and/or its agents and/or employees, nor the conditions of Plaintiff's work environment.

//

//

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1458889 (236293)                                  9
DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

### FORTY-SECOND AFFIRMATIVE DEFENSE

42.     If and to the extent that Defendants made any adverse employment decisions with respect to Plaintiff, those decisions fell within the legitimate exercise of managerial discretion and therefore cannot provide any basis for recovery of the damages claimed in Plaintiff's Complaint.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43.     Plaintiff's purported causes of action are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure §§ 335.1, 337, 338(a), 339, 340 and/or 343, Labor Code § 1197.5, and Government Code §§ 12960 and 12965, any contractually agreed upon limitations period, as well as any other applicable statute of limitation, and no statute of limitation or contractually agreed upon limitations period was tolled by the filing of a workers' compensation claim.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

44.     Because of Plaintiff's negligent or improper conduct, acts and omissions, each of Plaintiff's purported causes of action is barred by the doctrine of waiver.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

45.     Assuming the acts and/or omissions complained of occurred (they did not), said acts and/or omissions did not constitute severe and/or pervasive conduct as measured by either an objective or subjective standard.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

46.     Plaintiff's retaliation claim is barred to the extent he did not engage in any protected activity.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

47.     Assuming any harassment occurred (it did not), Defendant did not know, and could not have reasonably known, about the harassment.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1458889 (236293)                     10
DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

48.     In the alternative, assuming any harassment occurred (it did not), and assuming Defendant knew about the harassment (it did not), prompt and effective remedial action was taken.

## FORTY-NINTH AFFIRMATIVE DEFENSE

49.     Plaintiff's claims for punitive damages are barred because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and because California's laws, rules and procedures regarding punitive damages deny due process, impose criminal penalties without the requisite protection, violate the Eighth and Fourteenth Amendments of the United States Constitution, and place an unreasonable burden on interstate commerce.

## FIFTIETH AFFIRMATIVE DEFENSE

50.     Plaintiff has not suffered emotional distress, severe or otherwise.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

51.     Any recovery on Plaintiff's Complaint, or any purported cause of action contained therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Federal Express.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

52.     Federal Express took reasonable steps to prevent and correct workplace sexual, age-based, disability-based, and/or racial harassment through the appropriate training, policies and complaint mechanisms.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

53.     The alleged conduct Plaintiff complains about was not unwelcomed by him at the time he allegedly encountered it.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1458889 (236293)                                    11
DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

54.     Plaintiff's failure to prevent claim fails because there was no underlying illegal discrimination, harassment or retaliation and FedEx cannot be held liable for failing to prevent unlawful conduct that did not occur.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

55.     Because Plaintiff's Complaint is couched in broad and conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this lawsuit. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.


WHEREFORE, Defendant prays for judgment as follows:

A.     That Plaintiff take nothing by virtue of his Complaint;

B.     That the Complaint be dismissed in its entirety, with prejudice;

C.     That judgment be entered in favor of Defendant and against Plaintiff;

D.     That Defendant be awarded its attorney's fees and costs of suit herein; and

E.     That Defendant be awarded such other and further relief as the Court may deem appropriate.


DATED:  March 4, 2021

Respectfully submitted,

By: _____

DAVID S. WILSON, III
Attorney for Defendant
FEDERAL EXPRESS CORPORATION

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1458889 (236293)                              12
DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

## PROOF OF SERVICE

### Augusta Carballo v. Federal Express Corporation
### Case No.  CGC-21-588871

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On March 11, 2021, I served the within document(s):

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

| | |
|---|---|
| ☐ | by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below. |
| ☑ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below. |
| ☐ | by arranging with First Legal Attorney Service  to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for (2 Day) delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices. |

**Taghi Astaneche, Esq.**
**Law Offices of Taghe Astanehe**
**819 Eddy Street**
**San Francisco, CA 94109**
**Tel.: (650) 281-6342**
**Fax.: (415) 354-3415**

**Attorneys for Plaintiff, Augusta Carballo**

☑ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 11, 2021, at Irvine, California.

Michele Wilson